IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>  Plaintiff, )<br>)<br>)<br>vs. )<br>)<br>STEPHEN CRAIG CAMPBELL, )<br>)<br>  Defendant. ) | Case No. 25-MJ-216 GBW |

## ORDER GRANTING MOTION

THIS MATTER is before the Court on Defendant's Stipulated in Part, Opposed in Part, Motion to Determine Competency as to Defendant Stephen Craig Campbell. *Doc. 21*.  Having reviewed the briefing (*docs. 21, 23*) and determined that no hearing is necessary, the Court will grant the motion.

Pursuant to 18 U.S.C. § 4241(a), Defendant's counsel represents that "there is reasonable cause to believe that Mr. Campbell may be presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist in his defense." *Doc. 21* at 1 (quoting 18 U.S.C. § 3142(a)).  In the Motion, Defendant's counsel explains the basis for their concerns. *Id*. at 2-3.  Consequently, Defendant's counsel "requests that this Court commit Mr. Campbell to the custody of the Attorney General to be hospitalized in a suitable facility designated by the Bureau

1

of Prisons to conduct a competency evaluation pursuant to 18 U.S.C. § 4241(b) and 18 U.S.C. § 4247(b)." *Id*. at 1.  The United States does not oppose the competency evaluation as requested but "opposes the defendant's request for the Court to find 'reasonable cause' to question the defendant's competency at this stage of the proceedings." *Doc. 23* at 2.  The United States contends that "such a determination should be made only after the Court has received the results of a psychiatric or psychological examination, as provided under 18 U.S.C. § 4241(b), and prior to setting a competency hearing pursuant to 18 U.S.C. § 4241(a)." *Id.*  The United States' limited opposition arises from its concerns about potential malingering by Defendant.  *See id*. at 3-14.

  Notwithstanding the United States' reasonable concerns, the statute does not support its proposed sequence.  Pursuant to 18 U.S.C. § 4241(b), the Court can order an examination "prior to the date of the hearing."  The "hearing" can only be ordered "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent…." 18 U.S.C. § 4241(a).  Thus, the statutory language indicates that the "reasonable cause" finding must proceed the ordering of an evaluation.  The United States has pointed to no cases which deviate from this plain reading.  Moreover, the Court notes that the "reasonable cause" finding will not impact the Court's future "preponderance of the evidence" determination after a hearing pursuant to 18 U.S.C. § 4241(c) and (d).

Based on the assertions of defense counsel, the Court finds that there is reasonable cause to believe that Defendant may suffer from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or assist properly in his defense. *See* 18 U.S.C. § 4241(a).

WHEREFORE, Defendant's Stipulated in Part, Opposed in Part, Motion to Determine Competency as to Defendant Stephen Craig Campbell (*doc. 21*) is GRANTED.

IT IS THEREFORE ORDERED that Defendant is committed to the custody of the Attorney General for placement in a suitable facility for a period not to exceed thirty (30) days from the date of arrival at such facility unless the United States seeks an extension upon a showing of good cause.

IT IS FURTHER ORDERED that a psychiatric or psychological examination of Defendant shall be conducted pursuant to 18 U.S.C. § 4247(b).

IT IS FURTHER ORDERED that a report in the form and manner prescribed by 18 U.S.C. § 4247(c). Specifically, as this report is ordered under section 4241, the report shall include, in addition to the items listed in 18 U.S.C. § 4247(c)(1)-(3), the examiner's opinions under subsection 4247(c)(4)(A). If the evaluation concludes that Defendant is "mentally incompetent" within the meaning of the statute, the report should also address whether there a substantial probability that the defendant will attain

competency in the foreseeable future.  The report shall be filed with the Court with copies provided to Defendant's counsel and the attorney for the Government.

IT IS FURTHER ORDERED that, upon filing of said report, Defendant shall be returned at a date and time to be set by this Court for further proceedings as provided by 18 U.S.C. § 4241(c) and (d).  If the evaluating psychologist or psychiatrist believes, based on his/her evaluation of Defendant, that Defendant should remain at the facility rather than being immediately returned to this District after the completion of the report, he/she should so state in the report along with the reason.  In such a circumstance, Defendant's counsel shall move the Court for a status conference to address that issue.

IT IS FURTHER ORDERED that further proceedings in this case are STAYED pending a competency hearing.  Pursuant to 18 U.S.C. § 3161(h)(1)(A), the period of time from the filing of the Defendant's Motion to the entry of an order determining Defendant's competency is excluded for purposes of calculating Defendant's speedy trial rights.

IT IS FURTHER ORDERED that, pursuant to Rule 12.2 of the Federal Rules of Criminal Procedure, neither any statement by Defendant in the course of the examination, nor the fruits of any statement made by Defendant in any criminal proceeding, except on an issue respecting mental condition on which Defendant has introduced testimony, be admitted into evidence.

IT IS FURTHER ORDERED that the Clerk of Court shall deliver a copy of this order to the United States Marshal.

_____
HON. GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE